G. KIME, Appellant, v. HERBERT WARDMAN, Respondent.

No. 4668

September 5, 1963                    384 P.2d 965

*G. Kime,* Appellant in pro. per.

*Jack I. McAuliffe,* of Reno, for Respondent.

# OPINION

*Per Curiam:*

On April 17, 1963, judgment was entered in the Second Judicial District Court in favor of Wardman and against Kime, and on April 24, 1963, Kime, in propria persona, filed his notice of appeal to this court. He had likewise in propria persona tried the case in the district court.

On August 15, 1963, Wardman caused the appeal to be docketed in this court, NRCP 75(j), in order to make a motion for dismissal, and served and filed his motion to dismiss the appeal for failure to comply with the requirements of Rules 75(a), 75(d), and 73(g) NRCP, supported by affidavits of the deputy county clerk and the court reporter and a certified copy of the register of actions in the district court.

In response to the motion to dismiss, Kime still in pro. per. opposed the motion and sought an order extending his time to file a record on appeal. His affidavit states that he is a layman, unfamiliar with the intricacies of appellate procedure, that he has been occupied with various business affairs during the last 60 days, including a very important land transaction, and has not had the time to devote to this case, and has been unable to procure counsel. He moves for an extension of time to file the record.

Respondent's motion to dismiss and appellant's motion for extension both stand submitted.

It appears that the court reporter on April 17, 1963, "took down" an argument on motion for new trial and

on May 2, 1963, transcribed and delivered his transcription thereof. It does not appear that the trial itself was reported.

The deputy county clerk's affidavit dated August 13, 1963, states "that she has not prepared a record * * * because a designation of record has never been filed and, in addition, she has never been requested to do so."

The district court's power to extend time for filing the record, not exceeding 90 days from date of filing notice of appeal, has long since expired. NRCP. 73(g). No designation of record was ever served or filed as required by NRCP 75(a). No statement of points on which the appellant intends to rely on the appeal was ever served as required by NRCP 75(d). As it would appear that the trial was not reported, apparently the only way of preparing a statement of the evidence and proceedings would be in the manner provided in NRCP 75(n), but no steps have been taken by appellant to prepare such statement in the manner provided in said rule.

Thus it appears that from the date of filing of notice of appeal on April 24, 1963, 133 days have elapsed without the taking of any steps by appellant to prepare and file the record on appeal as required by the rules. The only excuse given is that appellant is a layman, acting in his own person, that he has been busily engaged with other matters, and that he has been unable to obtain counsel. Such reasons are entirely insufficient. The motion now made for an extension of time for filing the record is denied. The motion to dismiss the appeal is granted.